UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

RILEY GALLU

    Plaintiff,

v.

DELTA OUTSOURCE GROUP, INC., a Missouri Corporation

    Defendant

---

**COMPLAINT AND JURY DEMAND**

---

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered corporation with the Colorado Secretary of State, having a registered agent at 36th South 18th Avenue, Suite D, Brighton, Colorado 80601.

## PARTIES

8. Plaintiff Riley Gallu is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant DELTA OUTSOURCE GROUP, INC, Inc. (hereinafter "Defendant") is a Missouri corporation operating from an address of 1000 Lake Saint Louis Blvd, Suite 20, lake Saint Louis, Missouri 63367 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is registered as a debt collector with the Colorado Attorney General, license number 990391.

## FACTUAL ALLEGATIONS

11. Sometime prior to July, 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

13. Beginning in May, 2011 the Plaintiff began receiving telephone calls from a debt collector concerning the alleged unpaid debt.

14. The Plaintiff explained that he was indigent and unable to make payments. However, the debt collector continued to contact the Plaintiff by telephone, sometimes as often as three times per day.

15. The Plaintiff became distressed over the harassing telephone calls and demanded that they quit contacting him as his financial situation was dire and he simply could not pay, regardless of how many times he was contacted.

16. Nonetheless, the phone calls continued. The purpose of the telephone calls could not be justified in an effort to collect a debt as the Plaintiff had made clear he was in dire financial distress. The only reason for the continuing telephone calls was an effort by the Defendant to harass, annoy and alarm the Plaintiff.

17. Such efforts by the Defendant violate 15 U.S.C. §1692d(5)

18. On several occasions the Defendant has placed calls to the Plaintiff's cellular telephone and leaves a voice message. The messages do not include the advisement that the contact is from a debt collector in an effort to collect a debt. These communications violate 15 U.S.C. §1692e(11).

19. Often, the Defendant will cause the telephone of the Plaintiff to ring and when answered by the Plaintiff, the call will be terminated and no live person responds. Such contact violates 15 U.S.C. §1692d.

20. On June 14, 2011 the Plaintiff received a series of telephone calls from the Defendant wherein no message was left. The Plaintiff made contact with the Defendant at the telephone number showing on his caller ID unit.

21. When the Defendant answered and the Plaintiff realized who the number belonged to he hung up the telephone.

22. Within seconds the Defendant called the Plaintiff and warned him "to never call me again and hang up on me."

23. This contact by the Defendant caused fear to the Plaintiff and violates 15 U.S.C §1692d.

24. The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692 d(5), 1692(e(11), 1692 f(1), 1692g, amongst others.

### *Respondeat Superior Liability*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

27. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

29. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

### CAUSES OF ACTION

### **COUNT I.**

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED:

s/Troy D. Krenning
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: troy@gkalaw.com

s/Jill Gookin
Gookin, Krenning and Associates, LLC
501 N. Cleveland Avenue
Loveland, CO 80537
(970) 292-8290
(888) 465-8045 FAX
Email: jill@gkalaw.com